# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 7 |
|  | Case No. 09-31771 |
| BRIAN A. TENCZAR, |  |
| Debtor. |  |
|  |  |
| BRIAN A. TENCZAR, | Adversary Proceeding |
|  | No. 11-03037 |
| Plaintiff, |  |
| v. |  |
| JOHN A. GABLE and |  |
| WENDY L. GABLE, |  |
| Defendants. |  |

**MEMORANDUM OF DECISION**

In his Complaint, Brian A. Tenczar (the "Debtor") alleges that John A. and Wendy L. Gable (the "Gables") violated the discharge injunction granted to the Debtor by virtue of 11 U.S.C. §524(a)(2)[1] and asks the Court to hold the Gables in contempt and award sanctions against them. Now before the Court is the Gables' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6)[2]

---

[1] All references to the "Bankruptcy Code" or to Code sections are to the Bankruptcy Code unless otherwise specified, 11 U.S.C. §§ 101 et seq.; all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

[2] The correct reference is to Bankruptcy Rule 7012(b), which in turn incorporates the provisions of Federal Rule of Civil Procedure 12(b), except in respects not here relevant.

(the "Motion to Dismiss").  The issues implicated are both procedural and substantive.

I.  FACTS AND TRAVEL OF THE CASE

A far more detailed recitation of the underlying facts may be found in the "Memorandum and Order Regarding Defendants' Motion to Dismiss and Plaintiffs' Motion for Temporary Restraining Order" (the "Memorandum and Order") issued by the United States District Court for the District of Massachusetts (the "District Court"; Ponsor, D.J.), dated June 17, 2011 and reported as Gable v. Borges Constr., Inc., et al., 792 F.Supp.2d 117 (D. Mass. 2011) (the "District Court Memorandum").  Below, this Court provides only those facts most material and relevant to the issues here presented.  They appear to be uncontested.

The Gables and the Debtor are neighbors.  In 2008, the Gables commenced a civil suit against the Debtor in the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Berkshire Division (the "Berkshire Superior Court"), alleging various claims including trespass, negligence and private nuisance relating to the Debtor's actions and/or omissions involving their adjoining properties (the "First Berkshire Suit").  In that action, the Gables sought injunctive relief as well as monetary damages.

On October 6, 2009, the Debtor filed a voluntary Chapter 7 petition with this Court.  On his Schedule F—Creditors Holding Unsecured Nonpriority Claims, the Debtor listed the Gables as creditors holding a disputed claim in an amount

"unknown" arising from a "land dispute." And on his Schedule B—Personal Property, the Debtor listed a "Counterclaim" against the Gables, also in an "unknown" amount.

On January 11, 2010, this Court entered an Order discharging the Debtor under § 727. Included among those claims discharged were the Gables' state court claims against the Debtor. The Gables did not object to the Debtor's discharge or to the dischargeability of their alleged claims.

At or around the time of his bankruptcy case filing, the Debtor filed a "Suggestion of Bankruptcy" with the Berkshire Superior Court. On September 15, 2010, the Berkshire Superior Court entered an "Order for Entry of Dismissal Nisi" and later a Judgment dismissing the First Berkshire Suit. The Gables did not object to the Berkshire Superior Court's Order or Judgment. In that same month, however, the Gables filed a second complaint with the Berkshire Superior Court, this time naming the Debtor as an "interested party" and two other parties, unrelated to the Debtor, as the defendants (the "Second Berkshire Suit"). While the complaint in the Second Berkshire Suit included many of the same counts as those in the First Berkshire Suit, it added a count under federal law. By virtue of that new count, one of the defendants in the Second Berkshire Suit removed the case to the District Court.

In the District Court case, the Debtor filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), relying on his bankruptcy discharge. On June 17, 2011, the District Court issued its Memorandum and Order,

3

dismissing the claims against the Debtor in their entirety.[3]  Finding no merit in the Gables' distinction between a "defendant" and an "interested party," the District Court dismissed all of the counts against the Debtor.  The District Court reasoned:

> Defendant Tenczar has moved to dismiss all of the claims against him on the ground that Plaintiffs' action is barred because Plaintiffs' previous claims of trespass, negligence, and nuisance were discharged in his bankruptcy proceeding. In his Bankruptcy Petition, Defendant Tenczar properly listed Plaintiffs as creditors to be discharged, and Plaintiffs indisputably did not object. Plaintiffs counter that they are seeking only equitable relief from Defendant Tenczar in this action and that ongoing pollution is 'non-dischargeable.'
>
> This riposte is unpersuasive. First, without question, Plaintiffs may not resurrect their previously discharged tort claims against Defendant Tenczar, and thus Counts II, III, and IV must be summarily dismissed with prejudice as against him. See Rederford v. U.S. Airways, Inc., 589 F.3d 30, 36 (1st Cir.2009) ("Chapter 11 reorganization provides debtors with a fresh start by adjudicating, disallowing, or discharging all claims arising before the debtor is discharged from bankruptcy").
>
> Plaintiffs' requests for injunctive relief against Defendant Tenczar require more extended scrutiny. Plaintiffs seek an injunction requiring Defendant Tenczar 'to restore the abutting property to the condition prior to the Defendant's disposal of 'oil'/solid waste.' (Dkt. No. 1, Ex. 1, Am. Compl. ¶ 120(b).) Defendant Tenczar asserts that such an affirmative order would require him to expend substantial sums on this remediation effort or face contempt of court. Thus, he argues, the relief Plaintiffs seek is not equitable; instead, it is equivalent to a monetary claim dischargeable in bankruptcy. See Rederford, 589 F.3d at 36 (1st Cir.2009) ("[A] right to an equitable remedy ... is a 'claim' within the meaning of the Bankruptcy Code, and subject to bankruptcy proceedings, if 'a monetary payment is an alternative for the equitable remedy' ") (quoting Air Line Pilots Ass'n v. Continental Airlines, 125 F.3d 120, 133 (3d Cir.1997)).

---

[3] In the Memorandum and Order, the District Court "reconfigured" the heading of the decision, referring to the Debtor "by his proper title, namely Defendant." See Complaint, Ex. D, pg. 2-3.

In Ohio v. Kovacs, addressing a similar argument, the Supreme Court held that where 'the cleanup order had been converted into an obligation to pay money,' the obligation 'was dischargeable in bankruptcy.' 469 U.S. 274, 283, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985). Plaintiffs' argument that the order only requires Tenczar not to impede removal of the waste and that there is no requirement that he pay any money was expressly rejected by the Kovacs Court, which recognized that, unless the alleged polluter is actually able personally to do the cleanup, money will have to change hands. Id. at 282, 105 S.Ct. 705 (" 'Kovacs cannot personally clean up the waste he wrongfully released into Ohio waters. He cannot perform the affirmative obligations properly imposed upon him by the State court except by paying money...' ") (quoting In re Kovacs, 717 F.2d 984, 987 (6th Cir.1983)).

Of course, Kovacs does not permit a bankrupt polluter who is still in possession of his property to continue actively polluting simply because he has declared bankruptcy. Significantly, the defendant in Kovacs, unlike Defendant Tenczar, no longer owned the property at issue. With regard to this point, the Court stated,

> [W]e do not hold that the injunction against bringing further toxic wastes on the premises or against any conduct that will contribute to the pollution of the site ... is dischargeable in bankruptcy; we here address ... only the affirmative duty to clean up the site and the duty to pay money to that end. Finally, *we do not question that anyone in possession of the site ... must comply with the environmental laws of the State of Ohio. Plainly, that person or firm may not maintain a nuisance, pollute the waters of the State, or refuse to remove the source of such conditions.* As the case comes to us, however, Kovacs has been dispossessed and the State seeks to enforce his cleanup obligation by a money judgment.

Id. at 284–85, 105 S.Ct. 705 (emphasis supplied).

Clearly, the situation would be entirely different if Defendant Tenczar had been charged by the Commonwealth of Massachusetts with an ongoing statutory or regulatory violation and then refused to cease committing the prohibited conduct. Defendant Tenczar remains in possession of the land in question and thus is forbidden, as the Kovacs Court noted, from contaminating the land or polluting the site. A bankruptcy discharge is not a license to pollute. See Cournoyer v. Lincoln, 790 F.2d 971, 977 (1st Cir.1986) ("[A] debtor in possession under Chapter 11 is not excused because of its bankruptcy from valid and enforceable state and local regulations").

5

> The complaint, at least in its present form, does not suggest that Defendant Tenczar is continuing to contaminate the property currently—only that he is not repairing what he has already done. Nor is there any indication that the Commonwealth of Massachusetts or any regulatory body is pursuing him for any such ongoing violation. The complaint, in essence, protests Mr. Tenczar's past action, and this claim was discharged.
>
> For the foregoing reasons the claims against Defendant Tenczar will be dismissed with prejudice. New claims may be offered, of course, in any amended complaint if Defendant Tenczar commits new acts, or in some way impedes remediation of his past acts through efforts that require no payment of money by him.

Gable v. Borges Constr., Inc., et al., 792 F.Supp.2d at 123-24.

Having secured dismissal of the Gables' claims against him, the Debtor commenced the current adversary proceeding in this Court, seeking remedies for the Gables' violation of the § 524 discharge injunction.

II.  POSITIONS OF THE PARTIES

Citing specifically to § 524(a)(2) of the Bankruptcy Code, the Debtor maintains that once his Chapter 7 discharge entered, the Gables were enjoined from commencing or continuing litigation to recover claims against the Debtor that were discharged through his bankruptcy case.  Violation of the discharge injunction, the Debtor argues, constitutes contempt of the discharge order and is a basis for an award of sanctions against the Gables to compensate him for the fees, costs and expenses incurred in defense of the Second Berkshire Suit removed to the District Court.

The Gables counter that the Debtor is too late. They argue that because the Debtor's motion to dismiss filed with the District Court did not (though his affidavit did) pray for reimbursement of legal fees, and because no such relief was granted by the District Court, the Debtor waived his right to such an award. Specifically, the Gables note that in the District Court action (1) the Debtor did not make any request for an award of legal fees; (2) the Debtor did not file an answer or raise any possible affirmative defenses; and (3) the District Court's Memorandum and Order dismissing the Gables claims against the Debtor did not award the Debtor any attorney's fees or costs or impose any sanctions on the Gables. The crux of the Gables' defense therefore relies on the doctrine of claim preclusion.

The Debtor concedes that his motion to dismiss the action in the District Court did not seek reimbursement of legal fees. However, the Debtor insists that he was under no legal obligation to do so at that time and his failure to seek that remedy in the District Court does not preclude his doing so here.

III.  DISCUSSION

**A. Motion to Dismiss Standard**

As this Court has previously noted, "[t]he standards for evaluating a motion to dismiss brought under Federal Rule 12(b)(6) are well-known and simply stated." In re Robert, 432 B.R. 464, 469 (Bankr. D. Mass. 2010). The Federal Rule is made applicable to this adversary proceeding by Bankruptcy Rule 7012(b)(6). Under both rules, a court must review the complaint with an

7

eye toward the sufficiency of the allegations, if taken as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v Twombly, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, at 556).

### B. Vehicle and Venue

It is well-settled that § 524 does not create a private right of action and violation of the discharge injunction should be enforced through contempt proceedings under § 105. See Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1188 (9th Cir. 2011) (holding that § 524 does not create a private right of action); Bessette v. AVCO Financial Services, Inc., 230 F.3d 439, 444-45 (1st Cir. 2000) (same) (citing Transamerica Fin. Servs. v. Danney, No. 99-228-P-H, 1999 WL 33117201, *3 (D. Me. Dec. 23, 1999) (same); Cox v. Zale Delaware, Inc., No. 97 C 4464, 1998 WL 397841, at *2-*4 (N.D. Ill. July 13, 1998) (same); Pereira v. First North Am. Nat'l Bank, 223 B.R. 28, 30 (N.D. Ga. 1998) (same); Lenior v. GE Capital Corp.(In re Lenior), 231 B.R. 662, 673-74 (Bankr. N.D. Ill. 1999) (same)). Bankruptcy Rule 9020—Contempt Proceedings, provides that Rule 9014 governs such proceedings. See Fed. R. Bankr. P. 9020. Bankruptcy Rule 9014 broadly governs all "contested matters" and requires that such matters "be requested by motion." Fed. R. Bankr. P. 9014. Accordingly, actions to enforce the discharge injunction and to seek sanctions on account of discharge

8

injunction violations must be brought as contested matters and not by way of adversary proceedings.[4]

In <u>Barrientos v. Wells Fargo Bank</u>, the Ninth Circuit held that 1) a violation of § 524 does not create a private right of action; 2) the remedy for such a violation is grounded in § 105(a) and must be brought by a contempt proceeding under Rule 9020; 3) Rule 9020 requires that contempt proceedings be brought as contested matters under Rule 9014; and, therefore, 4) contempt proceedings for violation of the discharge injunction can be brought only in the bankruptcy court which issued the discharge injunction. 633 F.3d 1186. Because the debtor in <u>Barrientos</u> sought his remedy by way of an adversary proceeding, the Ninth Circuit affirmed the bankruptcy court's dismissal of the adversary proceeding. <u>Id.</u> at 1191.

The First Circuit has taken a similar, but not identical, tack. In <u>Bessette v. AVCO Financial Services, Inc.</u>, the court agreed that § 524 provides no private right of action and that the appropriate remedy for its violation is to employ the court's authority under § 105(a) to enforce the discharge injunction by means of a contempt proceeding. 230 F.3d at 444-45. However, the First Circuit saw no barrier to the discharge injunction being enforced by the district court.

> Appellant seeks enforcement of the statutory injunction set forth in § 524, not one individually crafted by the bankruptcy judge, in which that judge's insights and thought processes may be of particular significance. Thus, few of the practical reasons for confining

---

[4] The Bankruptcy Rules distinguish "contested matters" from "adversary proceedings," the latter governed by Part VII of the Bankruptcy Rules and "commenced by filing a complaint with the court." Fed. R. Bankr. P. 7003. Bankruptcy Rule 7001 provides an exhaustive list of those proceedings deemed "adversary proceedings." Fed. R. Bankr. P. 7001. Contempt proceedings are not included among them.

contempt proceedings to the issuing tribunal apply here.

Id. at 446. Furthermore, the First Circuit found no traction in the argument that the Bessette plaintiff, who filed a complaint in the district court, had used the wrong procedural mechanism to establish his rights.

> The appellee's remaining contentions are unavailing and merit little discussion. Despite the appellee's suggestion to the contrary, under a generous reading of the Complaint, the appellant's allegations of violations of § 362 and § 524 and requests for appropriate relief were sufficient to put the appellee on notice of the grounds for the complaint, and that is the proper focus of our review. See Rodríguez, 57 F.3d at 1171. *Although the possibility of relief for the alleged violations through § 105 was not specifically plead in the form of a motion for contempt, '[i]t is not fatal to a complaint that a legal theory has been mischaracterized or that the precise language invoking jurisdiction has not been used.'* Torres Ramírez v. Bermúdez García, 898 F.2d 224, 226-27 (1st Cir.1990) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir.1981) and 5 C. Wright & A. Miller, Federal Practice and Procedure § 1206, at 76-77 (1969)). Moreover, both parties briefed the issue of relief under § 105 before this Court and below. Thus, the appellee will not be unduly prejudiced. See In re Hardy, 97 F.3d at 1388.

Id. (emphasis supplied).

**C. Compulsory Counterclaim**

With the initial procedural obstacles overcome, the Court now turns to the essence of the Gables' argument – that the § 524 violation ought to have been raised in the District Court action by way of compulsory counterclaim, and cannot be resurrected here.

Indeed, where the defendant in a civil action has a claim against a plaintiff in the same action, Rule 13(a) provides:

(a) Compulsory Counterclaim.

10

>(1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>
>>(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>>(B) does not require adding another party over whom the court cannot acquire jurisdiction.
>
>(2) Exceptions. The pleader need not state the claim if:
>
>>(A) when the action was commenced, the claim was the subject of another pending action; or
>>(B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.

Fed. R. Civ. P. 13(a). The failure to bring a compulsory counterclaim is fatal to that claim. See Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 (1974) ("A counterclaim which is compulsory but is not brought is thereafter barred").

The problem with the Gables' argument, however, is that only in *pleadings* must a defendant assert a compulsory counterclaim. See Bluegrass Hosiery, Inc. v. Spelzman Industries, Inc., 214 F.3d 770, 772 (6th Cir. 2000) ("Rule 13(a), however, only requires a counterclaim if the party who desires to assert a claim has served a pleading. In other words, Rule 13(a) does not apply unless there has been some form of pleading") (citing Martino v. McDonald's System, Inc., 598 F.2d 1079, 1082 (7th Cir. 1979)). The Debtor never filed a *pleading* in the District Court. The term *pleadings* is defined by the Federal Rules of Civil Procedure. Rule 7 provides:

>(a) Pleadings. Only these pleadings are allowed:
>
>>(1) a complaint;
>>(2) an answer to a complaint;

11

>>(3) an answer to a counterclaim designated as a counterclaim;
>>(4) an answer to a crossclaim;
>>(5) a third-party complaint;
>>(6) an answer to a third-party complaint;
>>(7) if the court orders one, a reply to an answer.
>
>(b) Motions and Other Papers.
>
>>(1) In General. A request for a court order must be made by motion. The motion must:
>>>(A) be in writing unless made during a hearing or trial;
>>>(B) state with particularity the grounds for seeking the order; and
>>>(C) state the relief sought.
>>
>>(2) Form. The rules governing captions and other matters of form in the pleadings apply to motions and other papers.

Fed. R. Civ. P. 7.

Those documents set forth in Rule 7(a) are *pleadings*. Those set forth in Rule 7(b) are *motions and other papers*. Compulsory counterclaims must be set forth in pleadings or be lost. The Debtor filed no pleadings with the District Court and by dint of the District Court's allowance of his motion to dismiss, he never had an opportunity to do so. Accordingly, the remedy sought for violation of the § 524 injunction was never waived explicitly, implicitly or as a matter of law.

IV. CONCLUSION

For the reasons set forth above, the Court rules that the Debtor has not waived any remedy to which he was entitled under § 524, by way of § 105(a) (or the other way around), as a result of his failure to file a counterclaim in the District Court action. Accordingly, the Motion to Dismiss filed by the Gables will be DENIED. Nonetheless, proper procedure, judicial economy and a lack of

prejudice to any party suggest that, since the parties are at an early point in this contest, the dispute should be presented as a contested matter. Accordingly, this adversary proceeding will be DISMISSED by the Court, *sua sponte*, without prejudice; and the Debtor will be ORDERED to file any motion under §§ 524(a) and 105(a) within 21 days from the entry of the dismissal order.

An order consistent with this memorandum will issue accordingly.

DATED: March 8, 2012                                   By the Court,

*[signature: Henry Jack Boroff]*

_____
Henry J. Boroff
United States Bankruptcy Judge